IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Reverend Franklin C. Reaves, Vastena Reaves, Donald N. Reaves, Henry O. Reaves, | ) ) ) ) ) | C/A No. 4:08-1818-TLW-SVH |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | REPORT AND RECOMMENDATION |
| Marion County, John Q. Atkinson, Eloise W. Rogers, Tom Shaw, Allen Floyd, Milton Troy, Pearly Britt, Elista H. Smith, Kent Williams and K. Donald Fling; City of Mullins Police Department; W. Kenneth McDonald, Terry B. Strickland, Jo A. Sanders, James W. Armstrong, Patricia A. Phillips, D. Wayne Collins, Daniel B. Shelley, Jr., George Hardwick, Russell Bass and Edwin Rogers, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on the motion of defendants James W. Armstrong; Russell Bass; D. Wayne Collins; George Hardwick; W. Kenneth McDonald; City of Mullins Police Department; Patricia A. Phillips; Jo A. Sanders; Daniel B. Shelley, Jr.; and Terry B. Strickland ("the Mullins Defendants") for an extension of time to file a petition for attorneys' fees [Entry #113]. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Honorable Terry L. Wooten referred this motion to the undersigned for a Report and Recommendation ("Report") [Entry #116]. For the reasons that follow, the undersigned recommends the Mullins Defendants' motion be denied.

I. Factual and Procedural Background

On September 14, 2010, Judge Terry L. Wooten issued an order granting the Mullins Defendants' motion to dismiss or for summary judgment, and the court entered a judgment dismissing Plaintiffs' 42 U.S.C. § 1983 claim against these and other defendants with prejudice [Entry #107, #108]. On October 15, 2010, the Mullins Defendants filed a one-page motion requesting an extension for an unspecified period of time, for unspecified reasons to submit a petition for attorneys' fees pursuant to 42 U.S.C. § 1988.

II. Discussion

Federal Rule of Civil Procedure 54 provides that "[u]nless a statute or a court order provides otherwise, the motion [for attorneys' fees] must be filed and served no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). The Local Civil Rules of this court provide the following regarding a petition for attorneys' fees:

> 54.02: *Petition for and Interest on Attorney's Fees*.
>
> (A) Petition for Attorney's Fees. Any petition for attorney's fees shall comply with the requirements set forth in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978), and shall state any exceptional circumstances and the ability of the party to pay the fee. Any memorandum in opposition to a petition for attorney's fees must be filed with the Clerk of Court within fourteen (14) days of the service of the petition. *See also* Local Civil Rule 83.VII.07 (attorney's fees in social security cases).
>
> *[Prior time limits located in this section were deleted effective December 1, 2000. Counsel should note that the time limits for attorney fee applications found in Fed. R. Civ. P. 54 are significantly shorter than previously set by the predecessor to this Local Civil Rule.]*

Local Civil Rule 54.02 (D.S.C.) (italics in original). The Mullins Defendants filed their motion 31 days after the court's entry of judgment, which was outside of the 14 day time period contemplated by Fed. R. Civ. P. 54(d)(2)(B) and Local Civil Rule 54.02 (D.S.C.).

The Mullins Defendants provide no discussion of the reasons for or authority under which they seek this out-of-time extension. Nonetheless, the court examines their motion pursuant to Fed. R. Civ. P. 54(d)(2)(B), as it has been interpreted. As an initial matter, the court notes that failure to file a motion for attorneys' fee within 14 days is not a jurisdictional defect because Fed. R. Civ. P. 54(d)(2)(B)'s introductory language contemplate possible exceptions when "a statute or court otherwise provides[.]" Fed. R. Civ. P. 54(d)(2)(B). *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 227 (2d Cir. 2004) ("Indeed, by its very terms, the fourteen-day deadline of Fed. R. Civ. P. 54 is not a fatal jurisdictional deadline. Instead, the time limited is expressly qualified by [Fed. R. Civ. P.'s] 54's prefactory language[.]") (internal citations omitted).

Nonetheless, the undersigned is of the opinion that the Mullins Defendants' request should be denied. These Defendants seek to petition for attorneys' fees pursuant to 42 U.S.C. § 1988. That statute does not provide a deadline for filing such a petition. Accordingly, only if Fed. R. Civ. P. 54's provision that contemplates the potential for the court to order a deadline other than the 14 day deadline set out by Fed. R. Civ. P. 54(d)(2)(B) may the undersigned recommend that the Mullins Defendants' request for an extension of time be granted.

Courts have found that the "unless-a-court-otherwise-provides" language of Fed. R. Civ. P. 54 applies to local rules that set out a different deadline for filing fee petitions. *See Gaskins v. BFI Waste Servs., LLC*, 281 Fed. App'x 255, 259 n.6 (4th Cir. 2008).[1] As discussed by the Second Circuit in *Tancredi*, courts have not interpreted that language as "confer[ring] on district courts untrammeled discretion to extend the time to file a fee motion." 378 F.3d at 227. To permit an individual judge's order to extend the deadline for filing a fee petition outside of the 14-day period would "impede [] efficiency and fairness goals" contemplated by the Federal Civil Rules Advisory Committee. *Id.*

Rather, a court considering a request to permit the filing of an attorneys' fee petition outside of the Fed. R. Civ. P. 54 deadline must evaluate the request in view Fed. R. Civ. P. 6, which sets out specific guidelines regarding when a deadline contemplated by the rules may be changed. *Id.* at 227–28; *Gaskins*, 281 Fed. App'x at 259.

In relevant part, Fed. R. Civ. P. 6 provides the following:

(b) Extending Time.

(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

---

[1]The District of South Carolina's current local rules do not establish a different deadline. *See* Local Civil Rule 54.02 (providing specific instructions regarding content of fee petitions and noting the 2000 deletion of a time frame for filing such petitions and directing counsel to the "significantly shorter" deadline found in Rule 54).

Fed. R. Civ. P. 6(b)(1)(B).[2] In *Gaskins*, the Fourth Circuit considered Fed. R. Civ. P. 54 in conjunction with Fed. R. Civ. P. 6 in determining whether a district judge's sua sponte ordering a deadline for filing motions for attorneys' fees that was outside Fed. R. Civ. P. 54's 14-day window was permissible. The district court's order had not been issued during the initial 14-days-after-entry-of-judgment period contemplated by Fed. R. Civ. P. 54, and the court found that Fed. R. Civ. P. 6(b)(1)(B)'s "excusable neglect" standard applied. 281 Fed. App'x at 258–60. Because the matter needed to be analyzed pursuant to the excusable neglect standard and the district court had not considered that issue, the Fourth Circuit remanded the matter on that issue. 281 Fed. App'x at 258–60.

Here, the Mullins Defendants' motion for an extension of time to file their petition for attorneys' fees was not submitted to the court before the original time for such filing had expired, making Fed. R. Civ. P. 6(b)(1)(A) inapplicable. Accordingly, the Mullins Defendants' request for an extension must be analyzed pursuant to Fed. R. Civ. P. 6(b)(1)(B), which requires them to demonstrate that their delay was because of "excusable neglect." In their motion, however, the Mullins Defendants have not set forth any argument indicating the reasons for seeking an extension of time within which to file their motion for attorneys' fees, nor have they provided any information that the court can consider in determining whether the tardiness of their motion was because of "excusable neglect." As the Fourth Circuit relayed in *Gaskins*, excusable neglect is difficult to

---

[2]Although Fed. R. Civ. P. 6(b)(2) lists several rules as to which a court may not alter the period of time within which to act, Fed. R. Civ. P. 54 is not among them.

establish. 281 Fed. App'x at 260 (noting that establishing excusable neglect is "'not easily demonstrated, was it intended to be) (*quoting Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996)).

III. Conclusion

The undersigned recommends that the Mullins Defendants' motion for an extension of time to file petition for attorneys' fees [Entry #113] be denied. In the event the Mullins Defendants file objections to this Report and include in those objections reasons why their delayed motion was the result of excusable neglect, the district court may choose to make its independent determination regarding this matter.

IT IS SO RECOMMENDED.

November 30, 2010  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**