IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Reverend Franklin C. Reaves, Vastena Reaves, Donald N. Reaves, Henry O. Reaves, | ) ) ) ) | C/A No.: 4:08-1818-TLW-SVH |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| Marion County, John Q. Atkinson, Eloise W. Rogers, Tom Shaw, Allen Floyd, Milton Troy, Pearly Britt, Elista H. Smith, Kent Williams and K. Donald Fling; City of Mullins Police Department; W. Kenneth McDonald, Terry B. Strickland, Jo A. Sanders, James W. Armstrong, Patricia A. Phillips, D. Wayne Collins, Daniel B. Shelley, Jr., George Hardwick, Russell Bass and Edwin Rogers, | ) ) ) ) ) ) ) ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| Defendants. | ) | |

Plaintiffs brought this action for damages pursuant to 42 U.S.C. § 1983 for alleged violations of their constitutional rights. *See* Compl. ¶¶ 35, 59 [Entry #1]. Before the court is Defendants' Motion for Attorney's Fees [Entry #110]. The motion was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(e) (D.S.C.) for a Report and Recommendation for review by the district judge.

I.      Factual and Procedural Background

Plaintiffs brought this action for damages pursuant to 42 U.S.C. § 1983 asserting that Defendants unlawfully searched and seized their private real and personal property

located at North Smith Street in Mullins, South Carolina. Plaintiffs claim that their Fourth and Fourteenth Amendment rights were violated and seek actual and punitive damages against Defendants in their individual and official capacities.

This is the third of four lawsuits filed arising out of Defendants' actions related to two properties on North Smith Street. A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *see also Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949). This court takes judicial notice of Plaintiffs' prior cases.

In 2007, Plaintiffs filed an action alleging that Defendants unlawfully searched and seized their real and personal property located at 910 North Smith Street. *See Reaves v. City of Mullins*, No. 4:07-cv-3559-TLW-TER ("*Reaves I*"). In *Reaves I*, Plaintiffs asserted violations of their Fourth and Fourteenth Amendment rights, and other federal and state rights, and sought actual and punitive damages pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and other provisions of federal and state law. By order dated August 21, 2009, the court accepted the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers III and granted summary judgment to Defendants as to all of Plaintiffs' federal claims and declined to exercise supplemental jurisdiction over the state claims. After judgment was entered, Plaintiffs moved for reconsideration, which the court denied. Plaintiffs filed no appeal.

Similarly, in 2007, Plaintiffs filed an action alleging that Defendants unlawfully searched and seized their real and personal property located at 908 North Smith Street. *See Reaves v. City of Mullins*, No. 4:07-cv-1487-TLW-TER (hereinafter "*Reaves II*"). In *Reaves II*, Plaintiffs asserted violations of their Fourth and Fourteenth Amendment rights, and sought actual and punitive damages pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and other provisions of law. By order dated March 9, 2010, the court accepted Judge Rogers' Report and Recommendation and granted summary judgment to Defendants as to all of Plaintiffs' claims. Plaintiffs filed an untimely motion for reconsideration on June 1, 2010, which was subsequently denied.

In 2008, Plaintiffs filed the instant action alleging that Defendants unlawfully searched and seized their real and personal property located at North Smith Street. Plaintiffs asserted violations of their Fourth Amendment rights, and sought actual and punitive damages pursuant to 42 U.S.C. § 1983. In a Report and Recommendation issued July 7, 2010, the undersigned determined that *res judicata* barred Plaintiffs' claims and recommended that Defendants be granted summary judgment as to all of the Plaintiffs' federal claims. [Entry #101 at 5–7].

Defendants Marion County, John Q. Atkinson, Eloise W. Rogers, Tom Shaw, Allen Floyd, Milton Troy, Pearly Britt, Elista H. Smith, Kent Williams and K. Donald Fling (collectively the "County Defendants") now seek an award of attorney's fees pursuant to 42 U.S.C. § 1988. Plaintiffs have filed no response to County Defendants' motion.

II. Discussion

    A. Entitlement to Attorney's Fees

A prevailing defendant in a § 1983 action may recover its attorney's fees if it can show "that the plaintiff's claim 'was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" *Id.* (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)); *see also Hughes v. Rowe*, 449 U.S. 5, 15 (1980). Defendants argue Plaintiffs' claims were frivolous, as Plaintiffs and/or their privies have proffered no justifiable reason as to why they were entitled to maintain multiple actions against the County Defendants based on the same facts. *See, e.g., United States v. Mendoza*, 464 U.S. 154, 159 (1984) (recognizing "'rule that affords a litigant only one full and fair opportunity to litigate an issue, and . . . there is no sound reason for burdening the courts with repetitive litigation.'" (quoting *Standefer v. United States*, 447 U.S. 10, 24 (1980)).

Furthermore, Plaintiffs had notice that this action would not succeed on the merits after the judgments in *Reaves I* and *Reaves II*, but they continued to prosecute this case. While continuing to prosecute this action long after there existed no arguable basis to do so, Plaintiffs filed a groundless motion for sanctions based on an alleged failure to plead an affirmative defense, which necessitated a response, and the expenditure of fees, from the County Defendants. *See Lotz Realty Co., Inc.*, 717 F.2d at 931 (fees properly awarded for continued maintenance of action after its lack of merit becomes apparent). Because Plaintiffs have brought multiple actions based on the same facts which unjustifiably

caused Defendants to expend funds on duplicative lawsuits, the undersigned submits that the County Defendants are entitled to attorney's fees as the prevailing party to a frivolous and groundless lawsuit.

      B.      Reasonableness of the Attorneys Fees

In determining what constitutes a reasonable number of hours and the appropriate hourly rates (i.e., in calculating the lodestar fee), the court considers the following twelve factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases. *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). While the court must consider all twelve of the factors, the court is not required to rigidly apply these factors, as not all may affect the fee in a given case. "[T]hese factors should be considered in determining the reasonable rate and the reasonable hours, which are then multiplied to determine the lodestar figure which will normally reflect a reasonable fee." *E.E.O.C. v. Service News Co.*, 898 F.2d 958, 965 (4th Cir. 1990). Further, Local Rule

54.02(A) provides that attorney's fee petitions must comply with *Barber* "and shall state any exceptional circumstances and the ability of the party to pay the fee."

The party seeking recovery of attorney's fees bears the burden of "[d]ocumenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The first step in setting a reasonable fee is determining the appropriate hourly rate." *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). The reasonableness of the attorney's hourly rate is determined by the "prevailing market rates in the relevant community." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "The court must assess the experience and skill of the prevailing parties' attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Alexander S. v. Boyd*, 929 F.Supp. 925, 935 (D.S.C. 1995). The relevant market for determining the prevailing rate is ordinarily the community in which the court where the action is prosecuted sits. *See National Wildlife Federation v. Hanson*, 859 F.2d 313 (4th Cir. 1988).

With these factors in mind, the court considers the statements of attorney's fees, as specified in the affidavit of County Defendants' counsel Robert T. King. King Aff. [Entry #110-2]. King provides details of the work performed, time for each task, and by whom it was performed. *Id.* at ¶ 7. He indicates his expertise in these matters and indicates the billable hours submitted were expenditures directly related to this litigation. *Id*. ¶ 7–9. He charged an hourly rate of $140 for attorney work and a rate of $70 for paralegal work.

King indicates the work was "necessary, customary, reasonable, and appropriate to the defense of this action." *Id.* at 9. Plaintiffs have not disputed the reasonableness of the amount of hours billed or the hourly rate by King. After considering all applicable *Barber* factors, the undersigned submits that King's hourly rate is reasonable and customary for the like work in the relevant market of South Carolina. *See, e.g., City of Myrtle Beach v. United Nat'l Ins. Co.*, C/A No. 4:08-1183-TLW-SVH, 2010 WL 3420044, *10 (D.S.C. Aug. 10, 2010) (finding that an hourly attorney rate of $200 in South Carolina was reasonable). Therefore, the undersigned recommends County Defendants motion for attorneys fees and costs of $4,133.67 be granted.

III.  Conclusion

Accordingly, it is recommended that the district judge grant the County Defendants' Motion for Attorney's Fees [Entry #110].

IT IS SO RECOMMENDED.

February 16, 2011                             Shiva V. Hodges
Florence, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**