UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Reverend Franklin C. Reaves, Ph.D., Vastena Reaves )<br>Donald N. Reaves, Henry O. Reaves, )<br>Amanda Reaves Evans, Valerie Reaves Martin, )<br>Hercules W. Reaves, Freddy L. Reaves, and )<br>Kathy J. Reaves, )<br>)<br>                       Plaintiffs, )<br>)<br>      -vs- )<br>)<br>)<br>City of Mullins, Marion County, W. Kenneth )<br>McDonald, individually and in his official capacity as )<br>Mayor; Terry B Strickland, individually and in his )<br>official capacity as member of Mullins City Council; )<br>Jo A. Sanders, individually and in her official capacity )<br>as member of Mullins City Council; James W. )<br>Armstrong, individually and in his official capacity as )<br>member of Mullins City Council; Patricia A Phillips, )<br>individually and in her official capacity as member of )<br>Mullins City Council; D Wayne Collins, individually )<br>and in his official capacity as member of Mullins City )<br>Council; Daniel B Shelley, Jr., individually and in his )<br>capacity as member of Mullins City Council; George )<br>Hardwick, individually and in his official capacity as )<br>City Administrator for City of Mullins; Edwin P. )<br>Rogers, individually and in his official capacity as )<br>Marion County Administrator; K. Donald Fling, )<br>individually and in his official capacity as Marion )<br>County Code Enforcement Officer; John Q. Atkinson, )<br>individually and in his official capacity as member of )<br>Marion County Council; Eloise W Rogers, individually )<br>and in her official capacity as member of Marion )<br>County Council; Tom Shaw, individually and in his )<br>official capacity as member of Marion County Council; )<br>Allen Floyd, individually and in his official capacity as )<br>member of Marion County Council; Milton Troy, )<br>individually and in his official capacity as member of )<br>Marion County Council; Pearly Britt, individually and )<br>in his official capacity as member of Marion County )<br>Council; Elista H Smith, individually and in her official )<br>capacity as member of Marion County Council; City of )<br>Mullins Police Department; Russell Bass, individually ) | C/A No.: 4:07-cv-1487-TLW-TER |

1

and in his official capacity as Chief of City of Mullins )
Police Department; Vickie Nichols, individually and )
in her official capacity; and the State of South Carolina, )
                                                          )
                            Defendants.                   )
_____)


Reverend Franklin C. Reaves, Vastena Reaves,        )
Donald N. Reaves, and Henry O. Reaves,              )     C/A No.: 4:08-1818-TLW-SVH
                                                    )
                            Plaintiffs,             )
            -vs-                                    )
                                                    )
City of Mullins Police Department, Marion County,   )
W. Kenneth McDonald, individually and in his official )
capacity as Mayor; Terry B Strickland, individually and )
in his official capacity as member of Mullins City  )
Council; Jo A. Sanders, individually and in her official )
capacity as member of Mullins City Council; James W. )
Armstrong, individually and in his official capacity as )
member of Mullins City Council; Patricia A Phillips, )
individually and in her official capacity as member of )
Mullins City Council; D. Wayne Collins, individually )
and in his official capacity as member of Mullins City )
Council; Daniel B Shelley, Jr., individually and in his )
capacity as member of Mullins City Council; George )
Hardwick, individually and in his official capacity as )
City Administrator for City of Mullins; John Q.     )
Atkinson, individually and in his official capacity as )
member of Marion County Council; Eloise W Rogers, )
individually and in her official capacity as member of )
Marion County Council; Tom Shaw, individually and )
in his official capacity as member of Marion County )
Council; Allen Floyd, individually and in his official )
capacity as member of Marion County Council; Milton )
Troy, individually and in his official capacity as member)
of Marion County Council; Pearly Britt, individually and)
in his official capacity as member of Marion County )
Council; Elista H Smith, individually and in her official )
capacity as member of Marion County Council; Kent  )
Williams, individually and in his official capacity as )
member of Marion County Administrator; K. Donald   )
Fling, individually and in his official capacity as )
member of Marion County Code Enforcement Officer; )
Russell Bass, individually and in his official capacity as )
Chief of City of Mullins Police Department; Edwin  )
Rogers, individually and in his official capacity as City )

2

of Mullins Planner;                               )
                                                  )
               Defendants.              )
_____)

Reverend Franklin C. Reaves, Vastena Reaves and  )
all others similarly situated,                    )    C.A. No.: 4:09-816-TLW-SVH
                                                  )
               Plaintiffs,              )
                                                  )
      vs.                                          )    ORDER
                                                  )
Robert Stetson, individually and his official capacity as  )
Fire Chief and Building Inspector for the City of )
Mullins; Danny Gardner, individually and in his official )
capacity as a Marion County employee; Dennis Floyd, )
individually and in his official capacity as a Marion )
County employee; Donald Bryant, individually and in )
his official capacity as a Marion County employee;  )
Michael Crouch, individually and in his official  )
capacity as a Marion County employee; Layfayett Reed, )
individually and in his official capacity as a Marion )
County employee; City of Mullins and Marion County, )
                                                  )
               Defendants.              )
_____)

       This matter is before the Court upon the Defendants' respective motions for attorney's fees in each of the above-captioned cases. (Doc. # 186, # 110, # 72).[1] As an initial matter, the Court finds it appropriate to give a brief overview of the procedural history in these cases and one additional related case.

       In 2007, Plaintiffs filed an action alleging that Defendants unlawfully searched and seized their real and personal property located at 910 North Smith Street. See Reaves v. City of Mullins, No. 4:07-cv-3559-TLW-TER ("Reaves I"). In Reaves I, Plaintiffs asserted violations of their Fourth and Fourteenth Amendment rights, and other federal and state rights, and sought actual and punitive

---

[1]Docket entries will be listed in the same Order as the case captions above.

damages pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and other provisions of federal and state law. By order dated August 21, 2009, the court accepted the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, and granted summary judgment to Defendants as to all of Plaintiffs' federal claims and declined to exercise supplemental jurisdiction over the state claims. Judgment was entered on that same day. After judgment was entered, Plaintiffs moved for reconsideration, which the court denied. Plaintiffs filed a notice of appeal on August 24, 2010.

Similarly, in 2007, Plaintiffs filed an action alleging that Defendants unlawfully searched and seized their real and personal property located at 908 North Smith Street. See Reaves v. City of Mullins, No. 4:07-cv-1487-TLW-TER (hereinafter "Reaves II"). In Reaves II, Plaintiffs asserted violations of their Fourth and Fourteenth Amendment rights, and sought actual and punitive damages pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and other provisions of law. By order filed March 9, 2010, the court accepted the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, and granted summary judgment to Defendants as to all of Plaintiffs' claims. Plaintiffs filed a motion for reconsideration on June 1, 2010, which was denied by the Court. Judgement was entered on July 22, 2010.[2] Plaintiffs filed a notice of appeal on August 18, 2010.

In 2008, Plaintiffs filed an action alleging that Defendants unlawfully searched and seized their real and personal property located at North Smith Street. See Reaves v. Marion County, No. 4:08-cv-1818-TLW-SVH (hereinafter "Reaves III"). In Reaves III, Plaintiffs asserted violations of their Fourth Amendment rights, and sought actual and punitive damages pursuant to 42 U.S.C. § 1983. By order dated September 14, 2010, the court accepted the Report and Recommendation of United States Magistrate Shiva V. Hodges and granted summary judgment to Defendants on all of

---

[2]Judgment was not entered at the time the Court accepted the Report of the Magistrate Judge as there were outstanding motions for sanctions that needed resolution.

Plaintiffs' claims. Judgement was entered that same day. After judgment was entered, Plaintiffs filed a motion for reconsideration on December 16, 2010, which was denied by the Court. Plaintiffs filed no appeal.

In 2009, Plaintiffs filed an action alleging that Defendants unlawfully searched and seized their real and personal property located at North Smith Street. See Reaves v. City of Mullins, No. 4:09-cv-816-TLW-SVH (hereinafter "Reaves IV"). In Reaves IV, Plaintiffs asserted violations of their Fourth Amendment rights, and sought actual and punitive damages pursuant to 42 U.S.C. § 1983. By order dated September 13, 2010, the court accepted the Report and Recommendation of United States Magistrate Shiva V. Hodges and granted summary judgment to Defendants on all of Plaintiffs' claims. Judgment was entered that same day. After judgment was entered, Plaintiffs filed a motion for reconsideration on October 14, 2010, which was denied by the Court. Plaintiffs filed no appeal.

In Reaves II (No. 4:07-cv-1487-TLW-TER), on August 4, 2010, the Marion County Defendants filed a motion for attorney's fees. On March 8, 2011, Magistrate Judge Thomas E. Rogers, III, issued a Report and Recommendation recommending that the motion for attorney's fees be granted, in part. Plaintiffs filed an objection to the Report on March 28, 2011.

In "Reaves III"(No. 4:08-cv-1818-TLW-SVH), on September 28, 2010, the Marion County Defendants filed a motion for attorney's fees. On February 16, 2011, Magistrate Judge Shiva V. Hodges, issued a Report and Recommendation recommending that the motion for attorney's fees be granted. Plaintiffs filed an objection to the Report on March 7, 2011. Both the Marion County and City of Mullins Defendants filed a reply to Plaintiffs' objections.

In "Reaves IV" (4:09-cv-816-TLW-SVH), on September 27, 2010, the Marion County Defendants filed a motion for attorney's fees. On February 16, 2011, Magistrate Judge Shiva V.

Hodges, issued a Report and Recommendation recommending that the motion for attorney's fees be granted. Plaintiffs filed an objection to the Report on March 7, 2011. Both the Marion County and City of Mullins Defendants filed a reply to Plaintiffs' objections.

This Court has carefully reviewed each of the pending Defense motions for attorney's fees, the Report and Recommendations by the magistrate judges, the parties' objections and the applicable law. See 42 U.S.C. § 1988, Rule 54(d)(2) of the Federal Rules of Civil Procedure, and Local Civil Rule 54.02, D.S.C. 42 U.S.C. § 1988 provides, in pertinent part, that "[i]n any action or proceeding to enforce a provision of sections ... 1983 ... of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs... ." Prevailing defendants are entitled to an award of fees under § 1988. Lotz Realty Co., Inc. v. U.S. Dep't of Housing and Urban Devel., 717 F.2d 929, 931 (4th Cir. 1983). In order for a prevailing defendant to recover fees, it must show "that the plaintiff's claim 'was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" Id. (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)); see also Hughes v. Rowe, 449 U.S. 5, 15 (1980). It is not necessary for an award of attorney's fees under § 1988 for the court to conclude that the action was brought in subjective bad faith. Cleveland v. City of Seneca, No. 09-626, 2010 WL 1692941 (D.S.C. Apr. 26, 2010) (quoting DeBauche v. Trani, 191 F.3d 499, 510 (4th Cir.1999)). The Court finds the Reports by the magistrate judges in these respective cases to be well-reasoned. The Court acknowledges that it is arguable that Defendants have shown, as required under the case law, that Plaintiffs' claims were "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." See Lotz Realty Co., Inc., 717 F.2d at 931. However, after careful consideration, this Court does not find it appropriate to award attorney's fees in these cases. Plaintiffs are hereby advised that the Court found the question of attorney's fees in

these cases to be a close issue. However, if, in other pending cases or in cases which may be filed in the future, Plaintiffs pursue claims which are "frivolous, unreasonable, or groundless," then this Court will give careful consideration to granting any requested attorney's fees. Similarly, if, in other pending cases or in cases which may be filed in the future, Plaintiffs continue to raise or pursue the same or substantially similar claims to claims which have been dismissed or rejected by this Court for lack of legal merit, this Court may well conclude Plaintiffs continued to litigate those claims after it clearly became frivolous, unreasonable, or groundless to do so. Upon reaching this conclusion, the Court may then award any requested attorney's fees in those cases. The Plaintiffs should give careful consideration in the future before pursuing claims that have previously been found to have no legal or factual merit.

For the reasons set forth above, the Court **DECLINES** to accept the Report and Recommendations in the above-captioned cases (Docs. # 197, # 130 & # 86) , and **DENIES** Defendants' respective motions for attorney's fees in each of the above-captioned cases. (Doc. # 186, # 110, # 72).

**IT IS SO ORDERED.**

                                                                                   s/ Terry L. Wooten  
March 31, 2011                                     **TERRY L. WOOTEN**  
Florence, South Carolina            **UNITED STATES DISTRICT COURT JUDGE**